UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Earl Campbell, #C33, | ) C/A No. 9:05-1790-MBS-GCK |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Spartanburg, SC County Detention Center; | ) |
| Officer Godfrey, | ) |
| | ) |
| Defendant(s). | ) |
| | ) |

This is a civil rights action. It was filed *pro se* by the plaintiff on June 30, 2005. The plaintiff was directed to bring the case into proper form within twenty days (plus three days mail time) in an order dated July 11, 2005. On July 25, 2005, the copy of the July 11 order was returned to this court as undeliverable - "no longer at this institution".

Subsequently, it was determined that the plaintiff had been transferred from the Spartanburg County Detention Center to Kirkland Correctional Institution (KCI). A copy of the July 11, 2005 order was re-sent to the plaintiff at Kirkland, however, this Court did not receive a reply from the plaintiff.

As a result, a second order, dated October 3, 2005 was sent to the plaintiff at KCI, giving him an additional twenty days to bring his civil rights complaint into proper form. The October 3 order was returned. The envelope was mark "released, death by natural cause".

Consequently, on November 14, 2005, a third order was issued. This order set out the provisions of Rule 25(a) of the Federal Rules of Civil Procedure. The copy of this order was sent to KCI, but was not forwarded to the plaintiff's next of kin by the institution. As a result, the order was returned to the Clerk of Court as undeliverable.

On November 30, 2005, the Clerk of Court contacted the South Carolina Department of Correction's Reception and Evaluation (R&E) Center. An officer at the R&E Center sent a sheet via facsimile to the Court which included two emergency contact people for the plaintiff. A copy of the November 14, 2005 order was sent to both individuals on the contact sheet. Both documents were returned to the court as undeliverable.

Based on the foregoing, it is recommended that the plaintiff's complaint be dismissed without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See* Link v. Wabash Railroad Company, 370 U.S. 626 (1962). Since this dismissal would be without prejudice, the plaintiff's estate would be free to bring this action in the future.[1]

Respectfully Submitted,

Date Feb 10, 2006
Charleston, South Carolina

George C. Kosko
United States Magistrate Judge

***The plaintiff's attention is directed to the important notice on the next page.***

---

[1] Of course, any suit filed by the plaintiff's estate in this court must be timely under the statute of limitations. *See* § 15-3-530, South Carolina Code of Laws.

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

    The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

    During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402
